IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHY H. STEPHENS       * | |
|       PLAINTIFF       * | |
| VS.       * | CIVIL ACTION NO. _____ |
|       * | |
| DEAN MORRIS, LLP AND       * | COMPLAINT AND |
| WASHINGTON MUTUAL BANK       * | DEMAND FOR A JURY TRIAL |
|       DEFENDANTS       * | |

# COMPLAINT

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for defendant Dean Morris, L.L.P.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and Washington Mutual Bank's bad faith and/or lack of good faith in its performance of its contractual duties.

II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. §1692k, 28 U.S.C. §§ 1331, 1337, and 1367.

III. PARTIES

3. Plaintiff, Kathy H. Stephens (hereinafter referred to as "Ms. Stephens" or "plaintiff"), is a natural person who resides in Adams County, state of Mississippi, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, Dean Morris, L.L.P. (hereinafter referred to as "Dean Morris") is a limited liability partnership conducting business in the state of Louisiana, who may be served through George B. Dean, Jr. Dean Morris, at all times relevant hereto, regularly attempted to collect

debts alleged to be due another and is a "debt collector" as defined under the FDCPA.

5. Defendant Washington Mutual Bank ("WAMU") is a national bank doing business in Louisiana whose chief executive officer is Kerry Killinger, 1301 Second Avenue, Seattle, WA 98101.

## IV. FACTUAL ALLEGATIONS

6. During August 2006, Ms. Stephens was attempting to sell her home in Baton Rouge, Louisiana.

7. Her home was mortgaged by defendant WAMU.

8. WAMU provided McCleary Title Company ("McCleary") a payoff on plaintiff's home, on Ms. Stephens' behalf but it was only good through August 31, 2006.

9. The closing of the sale of her home was not able to happen by August 31, 2006 and McCleary requested a new payoff from WAMU at the beginning of September 2006.

10. WAMU failed to give this to McCleary and instead forwarded Ms. Stephens' file to Dean Morris to foreclose on her home.

11. On September 8, 2006, Ms. Stephens sold her home at a closing despite not having received an updated payoff from WAMU.

12. Prior to this closing and through September 28, 2006, McCleary continued to request a payoff from WAMU and did not receive it until September 28, 2006.

13. Despite WAMU providing a payoff in August 2006, it did not give one to Ms. Stephens until September 28, 2006.

14. Dean Morris filed an executory process suit on September 12, 2006 to foreclose on Ms. Stephens' home.

15. On and after September 15, 2006, defendant Dean Morris was informed that Ms. Stephens had closed on the sale of her home and needed to pay off this note and mortgage prior to additional fees and costs were incurred.

16. Until September 25, 2006, the order of seizure had not been signed by the state court judge therefore no costs or commissions were due to the Sheriff of East Baton Rouge Parish.

17. McCleary and Ms. Stephens repeatedly attempted to get the payoff from Dean Morris prior to September 25, 2006.

18. The alleged debt which Dean Morris was collecting was owed on Ms. Stephens' residence therefore primarily for personal, family or household purposes.

19. On September 25, 2006, the order of seizure was signed and caused Ms. Stephens' payoff to increase by over $4500.

## VIOLATIONS OF THE FDCPA

20. Defendant Dean Morris violated numerous provisions of the FDCPA including but not limited to section 1692e and 1692f.

21. Defendant Dean Morris is liable to plaintiff for her actual damages, additional damages, attorney's fees, and costs.

22. Defendant WAMU performed its contractual duties either in bad faith or with a lack of good faith and caused Ms. Stephens to incur significant additional costs for the foreclosure, which are owed to Ms. Stephens as actual damages.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendants, Dean Morris, L.L.P. and Washington Mutual Bank, for actual damages, additional

damages, attorney's fees, costs, and for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number:  20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number:  (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com
